UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MANUEL PENA,

Plaintiff,

-against-

EMERALD EQUITY GROUP LLC, EEG FC LP, EEG FC GP LLC, ARCHROCK, LLC, 312 W 114 LP, 320 MANHATTAN AVE LP, 350 MANHATTAN AVENUE LP, 320 MANHATTAN AVE REALTY LLC, DAILY MAINTENANCE 1 LLC, and THE CLEARSTONE GROUP, INC.,

Defendants.
-------------------------------------------------------------------X

No. 21-cv-07843 (PGG)(SN)

**ANSWER**

Defendants Emerald Equity Group LLC, EEG FC LP, EEG FC GP LLC, Archrock, LLC, 312 W 114 LP, 320 Manhattan Ave LP, 350 Manhattan Avenue LP, 320 Manhattan Ave Realty LLC, Daily Maintenance 1 LLC and The Clearstone Group, Inc. ("Defendants"), by their undersigned attorneys Kucker Marino Winiarsky & Bittens, LLP, for their Answer to the Complaint of Manuel Pena ("Plaintiff") dated September 20, 2021 (the "Complaint"), for which the time to respond was extended by the Court to March 11, 2022 for most of the Defendants by the February 24, 2022 Order (Doc. # 24), and to March 18, 2022 for one of the Defendants - Daily Maintenance 1 LLC by the March 9, 2022 Order (Doc. # 37), allege as follows:

Plaintiff's Introductory Statement

1. Deny the allegations in paragraph 1 of the Complaint which allege that Plaintiff was employed as a mere porter in an hourly wages position when in truth he was employed as a in the position of a domiciled building superintendent in New York with a temporary license to occupy an apartment in the building while he was a live-in janitor, and as such was a janitor exempt

from overtime wages as described in the Minimum Wage Order for the Building Service Industry - Part 141 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the state of New York (Cited as 12 NYCRR 141), and deny the allegations which allege that Plaintiff was employed by defendant 350 Manhattan Avenue LP, and deny the allegations which allege that that he performed services at 350 Manhattan Avenue, and deny the allegations which allege that Plaintiff performed services at 416 Manhattan Avenue, and deny the allegations which allege that that he was employed by or managed by The Clearstone Group, Inc., and admit the allegations which allege that various named Defendants own, operate or manage an apartment building in Manhattan, and deny the remaining allegations in this paragraph of the Complaint.

2. Deny the allegations in paragraph 2 of the Complaint which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

3. Deny the allegations in paragraph 3 of the Complaint which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

*Parties*

4. Deny the allegations in paragraph 4 of the Complaint which allege that Plaintiff worked as a mere porter in an hourly wages position when in truth he worked in the position of a domiciled building superintendent in New York with a temporary license to occupy an apartment in the building while he was a live-in janitor, and as such was a janitor exempt from overtime wages as described in the Minimum Wage Order for the Building Service Industry - Part 141 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the state of New York (Cited as 12 NYCRR 141), and deny the allegations which allege that Plaintiff worked for defendant 350 Manhattan Avenue LP and performed services at 350 Manhattan Avenue, and deny

the allegations which allege that Plaintiff performed services at 416 Manhattan Avenue, and deny the allegations which allege that that worked for or was managed by The Clearstone Group, Inc., and deny the allegations which allege that Plaintiff (allegedly) was "*responsible for operations at 350 Manhattan Avenue, and 416 East 115th Street*," and admit the allegations which allege that Plaintiff ceased working in February 2021, and deny the remaining allegations in this paragraph of the Complaint.

5. Admit the allegations in Complaint paragraph 5 which allege that defendant Emerald Equity Group, LLC is a limited liability company organized under the laws of the State of New York, with its principal place of business at 1 Battery Park Plaza, Suite 3100, New York, New York, and deny the remaining allegations in this paragraph of the Complaint which are inaccurate or incomplete.

6. Deny the allegations in Complaint paragraph 6 which appear to be an inaccurate description of 312 W 114 LP, and, accordingly, deny the remaining allegations in this paragraph of the Complaint.

7. Deny the allegations in Complaint paragraph 7 which appear to be an inaccurate description of 320 Manhattan Ave LP, whereas the name of the owner of the apartment building at 320 Manhattan Avenue, New York, New York is 320 Manhattan Avenue L.P. which is a limited partnership that was organized under the laws of the State of Delaware with its principal office at 1 Battery Park Plaza, Suite 3100, New York, New York, and admit the allegations which allege that Plaintiff performed services at 320 Manhattan Avenue from November 2019 to February 2021, and deny the remaining allegations in this paragraph of the Complaint.

8. Admit the allegations in paragraph 8 of the Complaint which allege that 350 Manhattan Ave LP is a limited partnership organized under the laws of the State of Delaware, and deny the allegations which allege that the principal place of business for 350 Manhattan Ave LP

is at One Battery Park Plaza, New York, New York, and deny the allegations which allege the following: "*350 Manhattan Avenue, where Plaintiff was employed from November 2019 to February 2021*," and, accordingly, deny the remaining allegations in this paragraph of the Complaint.

9. Admit the allegations in paragraph 9 of the Complaint which allege that EEG FC LP is a limited partnership organized under the laws of the State of Delaware with its principal place of business at 1 Battery Park Plaza, New York, New York, and admit the allegations which allege that EEG FC LP issued paychecks to Plaintiff for his work from October 2020 to February 2021, and deny the allegations which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

10. Admit the allegations in paragraph 10 of the Complaint which allege that EEG FC GP LP is a limited partnership organized under the laws of the State of Delaware with its principal place of business at 1 Battery Park Plaza, New York, New York, and deny the allegations which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

11. Admit the allegations in paragraph 11 of the Complaint which allege that 320 Manhattan Avenue Realty LLC is a limited partnership organized under the laws of the State of New York with its principal place of business at 266 Broadway, Suite 602, Brooklyn, New York, and deny the allegations which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

12. Admit the allegations in paragraph 12 of the Complaint which allege that Archrock LLC is a limited partnership organized under the laws of the State of New York with its principal

place of business at 1 Battery Park Plaza, New York, New York, and deny the allegations which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

13. Admit the allegations in paragraph 13 of the Complaint which allege that Archrock LLC is a limited partnership organized under the laws of the State of New York with its principal place of business at 177 West 126th Street, New York, New York, and deny the allegations which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

14. Admit the allegations in paragraph 14 of the Complaint which allege that The Clearstone Group Inc. is a corporation organized under the laws of the State of New York, and deny the allegations which allege that its principal place of business is at 917 Cliffside Avenue, Valley Stream, New York, and deny the allegations which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

Venue and Jurisdiction

15. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

16. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

17. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

18. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

Coverage Under the FLSA and NYLL

19. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

20. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

21. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

22. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this

paragraph of the Complaint.

23. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

24. Lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint which lump all Defendants together and constitute alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

26. Lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint because they cite the words: "*a network of related entities that own and manage the Buildings*," which are not defined in the Complaint and are vague and ambiguous, lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations which are alleged legal conclusions and as such do not properly call for a response by Defendants, admit the allegations to the extent they allege that CHDC conducts lawful activities in the State of New York and County of New York, and deny the remaining allegations in this paragraph of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint which allege that defendant Clearstone caused a "*payroll check*" to be issued to Plaintiff, and deny the allegations which are alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint which lump all Defendants together and constitute alleged legal conclusions and as such do not properly call for a response by Defendants, and deny the remaining allegations in this paragraph of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

Plaintiff's Employment History

30. Deny the allegations in paragraph 30 of the Complaint which are inaccurate and incomplete, and deny the remaining allegations in this paragraph of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint which lump all of the properties together and are inaccurate and incomplete, and deny the remaining allegations in this paragraph of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint which are inaccurate and incomplete, and deny the remaining allegations in this paragraph of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint which are inaccurate and incomplete, and deny the remaining allegations in this paragraph of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint which are inaccurate and incomplete, and deny the remaining allegations in this paragraph of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint which are inaccurate and incomplete, and deny the remaining allegations in this paragraph of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint which are inaccurate and incomplete, and deny the remaining allegations in this paragraph of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint which are inaccurate and incomplete, and deny the false allegations that (i) Plaintiff's workload was increased by the termination of a porter; and (ii) that Plaintiff did porter work at 312 West 114th Street, and deny the allegations which allege that there was no porter at 312 West 114th Street while Plaintiff worked

there as a janitor, and deny the allegations which allege that Plaintiff worked at 350 Manhattan Avenue whereas the truth is that he never worked at 350 Manhattan Avenue, and deny the remaining allegations in this paragraph of the Complaint.

38. Deny the allegations in paragraph 38 of the Complaint.

39. Deny the allegations in paragraph 39 of the Complaint which are inaccurate and incomplete, and deny the false allegations that (i) Plaintiff's workload was increased by the termination of a porter; and (ii) that Plaintiff did porter work at 312 West 114th Street, and deny the allegations which allege that there was no porter at 312 West 114th Street while Plaintiff worked there as a janitor, and deny the allegations which allege that Plaintiff worked at 350 Manhattan Avenue whereas the truth is that he never worked at 350 Manhattan Avenue, and deny the remaining allegations in this paragraph of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint which are inaccurate and incomplete, and deny the allegations which allege that Plaintiff was not fully paid for his services whereas the truth is that he was fully paid, and deny the false allegations that (i) Plaintiff's workload was increased by the termination of a porter; and (ii) that Plaintiff did porter work at 312 West 114th Street, and deny the allegations which allege that there was no porter at 312 West 114th Street while Plaintiff worked there as a janitor, and deny the allegations that Plaintiff worked more than 40 hours in any week, and deny the remaining allegations in this paragraph of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint which are inaccurate and incomplete, and deny the remaining allegations in this paragraph of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint which are inaccurate and incomplete, and deny the allegations that Plaintiff worked more than 40 hours in any week, and

deny the remaining allegations in this paragraph of the Complaint.

45. Deny the allegations in paragraph 45 of the Complaint which are inaccurate and incomplete, and deny the false allegations that Plaintiff worked at 350 Manhattan Avenue or 415 East 115th Street whereas the truth is that he never worked at either of those places, and deny the allegations which allege that Plaintiff worked more than 40 hours in any week, and deny the allegations which allege that that Plaintiff did porter work, and deny the remaining allegations in this paragraph of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

Plaintiff's False Allegations
of Violations

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny the allegations in paragraph 49 of the Complaint.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint.

52. Deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint.

54. Deny the allegations in paragraph 54 of the Complaint.

55. Deny the allegations in paragraph 55 of the Complaint which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, deny the allegations which allege that Defendants engaged in wrongdoing or violated a federal or state law, ordinance or regulation, and deny the remaining allegations in this paragraph of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, deny the allegations

which allege that Defendants engaged in wrongdoing or violated a federal or state law, ordinance or regulation, and deny the remaining allegations in this paragraph of the Complaint.

57. Deny the allegations in paragraph 57 of the Complaint which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, deny the allegations which allege that Defendants engaged in wrongdoing or violated a federal or state law, ordinance or regulation, and deny the remaining allegations in this paragraph of the Complaint.

Alleged Count I

58. As to the allegations in paragraph 58 of the Complaint, in which Plaintiff merely repeats and realleges his allegations in the preceding paragraphs of the Complaint, Defendants repeat and reallege their allegations in paragraphs 1 through 57 of their Answer as though fully set forth herein.

59. Deny the allegations in paragraph 59 of the Complaint which are alleged legal conclusions and, as such, do not properly call for any response by Defendants, deny the allegations which allege that Defendants engaged in wrongdoing or violated a federal or state law, ordinance or regulation, and deny the remaining allegations in this paragraph of the Complaint.

60. Deny the allegations in paragraph 60 of the Complaint.

61. Deny the allegations in paragraph 61 of the Complaint which allege that Plaintiff was non-exempt, and deny the allegations which allege that Plaintiff worked more than 40 hours a week whereas the truth is that he did not work more than 40 hours in a week, and deny the allegations which allege that Defendants engaged in wrongdoing or violated a federal or state law, ordinance or regulation, and deny the remaining allegations in this paragraph of the Complaint.

62. Deny the allegations in paragraph 62 of the Complaint which allege that Plaintiff was non-exempt, and deny the allegations which allege that Plaintiff worked more than 40 hours a week whereas the truth is that he did not work more than 40 hours in a week, and deny the

allegations which allege that Defendants engaged in wrongdoing or violated a federal or state law, ordinance or regulation, and deny the remaining allegations in this paragraph of the Complaint.

63. Deny the allegations in paragraph 63 of the Complaint.

64. Deny the allegations in paragraph 64 of the Complaint.

65. Deny the allegations in paragraph 65 of the Complaint.

Alleged Count II

66. In paragraph 66 of the Complaint, Plaintiff repeats and realleges his allegations in paragraphs 1-57 of the Complaint. Defendants repeat and reallege their allegations in paragraphs 1 through 57 of their Answer as though fully set forth herein.

67. Deny the allegations in paragraph 67 of the Complaint.

68. Deny the allegations in paragraph 68 of the Complaint.

69. Deny the allegations in paragraph 69 of the Complaint.

Alleged Count III

70. In paragraph 70 of the Complaint, Plaintiff merely repeats and realleges his allegations in paragraphs 1-57 of the Complaint. Defendants repeat and reallege their allegations in paragraphs 1 through 57 of their Answer as though fully set forth herein.

71. Deny the allegations in paragraph 71 of the Complaint.

72. Deny the allegations in paragraph 72 of the Complaint.

73. Deny the allegations in paragraph 73 of the Complaint.

Alleged Count IV

74. In paragraph 74 of the Complaint, Plaintiff merely repeats and realleges his allegations in paragraphs 1-57 of the Complaint. Defendants repeat and reallege their allegations in paragraphs 1 through 57 of their Answer as though fully set forth herein.

75. Deny the allegations in paragraph 75 of the Complaint.

76. Deny the allegations in paragraph 76 of the Complaint.

Alleged Count V

77. In paragraph 77 of the Complaint, Plaintiff merely repeats and realleges his allegations in paragraphs 1-57 of the Complaint. Defendants repeat and reallege their allegations in paragraphs 1 through 57 of their Answer as though fully set forth herein.

78. Deny the allegations in paragraph 78 of the Complaint.

79. Deny the allegations in paragraph 79 of the Complaint.

**Defendants'**
**First Affirmative Defense**

80. The Complaint fails to state a claim upon which relief may be granted.

**Defendants'**
**Second Affirmative Defense**

81. Each of the Defendants is not an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, as amended (the "FLSA").

82. Plaintiff was not, in the course of his working for any Defendant engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

83. Accordingly, there is no federal subject matter jurisdiction over the claims asserted in the Complaint (allegedly) pursuant to the FLSA.

84. In the absence of federal subject matter jurisdiction, no federal supplemental jurisdiction exists for the claims alleged in the Complaint pursuant to New York Labor Laws.

**Defendants'**
**Third Affirmative Defense**

85. Plaintiff never worked more than 40 hours in a week. There was no failure to pay overtime wages because Plaintiff never worked any overtime hours and, thus, no overtime wages

were due and owing.

86. Also, there was no failure to pay a minimum wage to Plaintiff.

87. Defendants did not violate any federal law or regulation, including, but not limited to, the FLSA.

**Defendants'**
**Fourth Affirmative Defense**

88. In addition, any federal claim by Plaintiff would be barred in whole or part by an applicable statute of limitations. For example, 29 U.S.C. § 255(a) provides that a cause of action alleged under the FLSA is forever barred unless it is commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

89. Accordingly, even if there was a valid claim under the FLSA (which Defendants deny), the portion of such a claim which concerns any event prior to two years from September 20, 2021, when Plaintiff filed its Complaint, is time barred.

**Defendants'**
**Fifth Affirmative Defense**

90. There were no actual overtime hours worked by Plaintiff. In fact, he never worked more than 40 hours in a week for any of the Defendants.

91. None of the Defendants violated New York law concerning the payment of wages, including, but not limited to, the following provisions listed in the Complaint: the New York Minimum Wage Act, N.Y. Stat. § 650, et seq., New York Labor Law § 215(1), New York Labor Law § 215(2) and New York Labor Law § 195(6).

**Defendants'**
**Sixth Affirmative Defense**

92. Plaintiff was employed as a building superintendent in a residential building in New

York with a license to occupy an apartment while he was a live-in janitor.

93. A person who is a building superintendent in a residential building in New York and satisfies the definition of janitor in New York law, particularly the Minimum Wage Order for the Building Service Industry - Part 141 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the state of New York (Cited as 12 NYCRR 141) is exempt from overtime wages and the minimum wage. Plaintiff was not entitled to any overtime wages.

94. The allegations that overtime wages or a minimum wage were due and owing under New York law, but were not paid, are false.

**Defendants'**
**<u>Seventh Affirmative Defense</u>**

95. In addition, any claim by Plaintiff under New York state law would be barred in whole or part by an applicable New York statute of limitations. For example, New York Labor Law ("NYLL") provides that a cause of action alleged under New York state law is forever barred unless it is commenced within six years after the cause of action accrued.

96. Accordingly, even if there was a valid claim under New York law (which there is not), the portion of such a claim which concerns an event more than six years prior to September 20, 2021, when Plaintiff filed its Complaint, is time barred.

**Defendants'**
**<u>Eighth Affirmative Defense</u>**

97. Defendants satisfied each obligation which may have been owed to Plaintiff and fully complied with all applicable laws, regulations and ordinances concerning Plaintiff.

**Defendants'**
**<u>Ninth Affirmative Defense</u>**

98. Defendants did not violate any part of the New York Wage Theft Prevention Act, including, but not limited to, § 195(1) or § 198 concerning wage notice and § 195(3) or § 198 or

650 et seq. or 12 NYCRR § 141-2.2 concerning wage statements.

**Defendants'**
**Tenth Affirmative Defense**

99. Plaintiff's false claims for alleged unpaid overtime wages are barred because any recovery thereon would unjustly enrich Plaintiff.

**Defendants'**
**Eleventh Affirmative Defense**

100. Plaintiff's claims are barred by the equitable doctrine which recognizes that a plaintiff who has "unclean hands" cannot petition a court for judicial relief.

**Defendants'**
**Twelfth Affirmative Defense**

101. Plaintiff's claim for alleged punitive damages should be denied.

102. To sustain a claim for punitive damages in tort, one of the following must be shown: intentional or deliberate wrongdoing, aggravating or outrageous circumstances, a fraudulent or evil motive, or a conscious act that willfully and wantonly disregards the rights of another. *Pure Power Boot Camp v. Warrior Fitness Boot Camp,* 813 F. Supp. 2d 489 at 526; *Stalker v Stewart Tenants Corp.*, 93 A.D. 3d 550, 940 N.Y.S. 2d 600 (1st Dep't 2012); *Consolidated Edison Co. v. Zebler, supra,* 40 Misc. 3d 1230(A) [***14], 975 N.Y.S.2d 708; 2013 N.Y. Misc. LEXIS 3701 (Sup. Ct., New York County, August 20, 2013).

103. Defendants did not engage in intentional or deliberate wrongdoing, aggravating or outrageous circumstances, a fraudulent or evil motive, or conscious act that willfully and wantonly disregards the rights of another. Plaintiff's claim for punitive damages should be dismissed.

**Additional**
**Affirmative Defenses**

104. Defendants have not knowingly or intentionally waived any applicable affirmative defense. If any other matter warranting an additional affirmative defense is revealed during pretrial

discovery, Defendants reserve their right to amend this Answer to assert that defense.

**Prayer For Relief**

WHEREFORE, Defendants pray for a judgment in their favor and against Plaintiff which includes all of the following relief:

a. An Order which dismisses all of Plaintiff's counts and claims in the Complaint in their entirety; and

b. An Order which provides additional relief in favor of Defendants against Plaintiff which the Court determines to be appropriate under the circumstances, including attorneys' fees and costs awarded in favor of Defendants.

Dated: New York, New York
March 11, 2022

**KUCKER MARINO WINIARSKY & BITTENS, LLP**
*(Attorneys for the Defendants)*

By: ______________________
William D. Hummell, Esq.
747 Third Avenue
New York, New York 10017
Telephone: (212) 869-5030
E-mail: whummell@kuckermarino.com

via ECF

Shelly L. Friedland, Esq.
*(Attorneys for Plaintiff)*
TRIEF & OLK
750 Third Avenue, Suite 2902
New York, New York 10017