# EXHIBIT 1

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made between and among Plaintiff Manuel Pena (hereinafter referred to as "Plaintiff") on the one hand, and Defendants Emerald Equity Group LLC, EEG FC LP, EEG FC GP LLC, Archrock, LLC, 312 W 114 LP, 320 Manhattan Ave LP, 350 Manhattan Avenue LP, 320 Manhattan Ave Realty LLC, and The Clearstone Group, Inc. (hereinafter collectively referred to as "Settling Defendants"), on the other hand.[1] Together, Plaintiff and Settling Defendants are referred to as the "Parties."

**WHEREAS**, on or about September 20, 2021, Plaintiff commenced an action in United States District Court, Southern District of New York (Index No.: 21-CV-07843) ("the Action"); via Summons and Complaint, captioned *Manuel Pena v. Emerald Equity Group LLC, et al.*, wherein Plaintiff asserted various claims of alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (collectively, the "Claims");

**WHEREAS**, the Settling Defendants filed Answers to the Complaint, wherein they denied any and all wrongdoing, denied that any laws or statutes have been violated, denied that Plaintiff was entitled to any relief whatsoever; and asserted affirmative defenses;

**WHEREAS**, the Parties have reached an agreement-in-principle to resolve this case, and wish to further memorialize their resolution as set forth below;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment.** In consideration for and conditioned on Plaintiff's compliance with the commitments in and conditioned on Plaintiff's executing this Agreement, Settling Defendants shall pay or cause to be paid to Plaintiff and his attorneys, subject to the terms and conditions of this Agreement, the total gross sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) (the "Settlement Amount"), inclusive of attorneys' fees and costs. Plaintiff's counsel shall make a motion for court approval of this Agreement. Settling Defendants will cooperate with Plaintiff's motion for court approval. The Settlement Amount shall be in one check made payable to Trief and Olk, as attorneys for Plaintiff, in the total amount of Seventy five thousand dollars and zero cents ($75,000.00). IRS Forms 1099 will be issued by Defendants (a) to Plaintiff, in the amount of $48,212.85; and (b) to Trief and Olk, as attorneys for Manuel Pena, in the amount of $26,787.15. Trief and Olk shall distribute the monies to Plaintiff in accordance with their agreement subject to the approval of the Court.

a. The payments referenced above will be sent within five business days after Court approval of the motion seeking settlement approval.

---

[1] Defendant Daily Maintenance LLC has not joined in this Settlement Agreement.

b. Plaintiff expressly agrees and acknowledges that the consideration referred to in Paragraph 1 of the Agreement constitutes adequate and ample consideration for the rights and claims he is waiving under the Agreement and for the obligations imposed upon him by virtue of the Agreement. This valuable consideration represents a complete settlement, satisfaction, release, discharge, and waiver of all claims that he has asserted in this Action, including, but not limited to, all claims for allegedly unpaid wages, lost wages, benefits or other compensation, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff was seeking in this Action against Settling Defendants. Plaintiff expressly agrees and acknowledges that Settling Defendants have promised to pay the consideration referred to in Paragraph 1 of the Agreement in exchange for the releases, waivers, and promises made by Plaintiff in this Agreement.

**2. Taxes.** Simultaneously with or prior to the execution of this Agreement, Plaintiff shall provide Settling Defendants with an executed IRS W-4, and his attorneys, Trief and Olk, shall provide Settling Defendants with an executed IRS W-9. Settling Defendants shall issue the appropriate IRS Forms 1099 to Plaintiff and his attorneys, Trief and Olk, in connection with the amount paid by Settling Defendants pursuant to this Agreement. Settling Defendants shall deliver all such IRS Forms to Plaintiff and his attorneys, Trief and Olk, at the addresses indicated by them on their respective IRS Forms, at the appropriate time.

a. **Responsibility for Payment of Applicable Taxes**. Plaintiff and/or his attorneys, Trief and Olk, shall be solely responsible for the payment of their respective shares of any federal, state, and/or local taxes owed on the Settlement Amount. Plaintiff represents that no tax advice has been given to him by Settling Defendants or their representatives, and he understands that Settling Defendants make no representation or guarantee as to the tax consequences of the Settlement Amount.

b. **Tax Indemnity.** In the event that any federal, state or local taxing authority or court determines that taxes, interest, penalties and/or other costs are due and owing by Settling Defendants as a result of any non-payment by Plaintiff in respect of Plaintiff's share of any taxes owed on the Settlement Amount (a "Tax Claim"), said Tax Claim shall be the sole obligation and liability of Plaintiff, who shall hold harmless and indemnify Settling Defendants from any such Tax Claim and/or any other tax-related liability. This indemnity shall not apply to any tax obligations of Settling Defendants as employers of Plaintiff. Settling Defendants and/or their attorneys shall give prompt written notice of such Tax Claim by e-mail or overnight mail to Plaintiff's attorneys, Trief and Olk, 750 Third Avenue, Suite 2902, New York, New York, 10017; Attn: Shelly Friedland, SFriedland@triefandolk.com. Within seven (7) business days of receipt of notice of such Tax Claim, Plaintiff and/or Plaintiff's attorneys shall send a written notice to Settling Defendants and/or their counsel acknowledging (i) receipt of the Tax Claim; and (ii) Plaintiff's obligations to pay or otherwise cure the Tax Claim. Settling Defendants and/or their counsel shall provide Plaintiff a reasonable opportunity to cure such Tax Claim before making a claim for indemnity pursuant to this indemnification provision. Settling Defendants and/or their counsel shall reasonably cooperate with Plaintiff and/or with his attorneys, to the extent possible, to minimize the costs associated with this indemnity.

3. **Waiver and General Release of Claims.** In consideration of the payments to be provided by Settling Defendants as described in the Agreement, Plaintiff, for himself and his respective heirs, executors, administrators, successors and assigns, HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Settling Defendants, any insurers of Settling Defendants, and Settling Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors, assigns, current and former officers, owners, directors, employees, representatives and agents, of and from all or any manner of actions, causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), claims and demands whatsoever at law or in equity ("claims"), which were alleged or could have been alleged in the Complaint filed in this action, specifically under the Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and their respective associated regulations, concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matters from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (b) arising under or for alleged violations of the FLSA and/or the NYLL, and their respective associated regulations, or (c) arising under any common law in regarding to work hours, overtime, and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims release hereby which Plaintiff ever had or now have against the Settling Defendants.

a. **Communications with Government Agencies.** Nothing in this Agreement prohibits or prevents Plaintiff from reporting to or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency, including but not limited to Congress, the Department of Justice, the Securities and Exchange Commission, the National Labor Relations Board, the United States Department of Labor ("DOL"), the Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights ("NYSDOL"), the New York State Department of Labor ("NYSDOL") and/or any agency Inspector General. However, to the maximum extent permitted by law, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies resulting from any such investigation, hearing, or other proceeding.

b. **Claims Not Released.** The release contained in this Paragraph 3 does not extend to (i) any subsequent action or proceeding to enforce this Agreement; or (ii) any other claims that cannot lawfully be waived or released.

c. **Release and Bar to Subsequent Actions.** Should any proceedings be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction, and settlement of any such released matter and a sufficient basis for the dismissal of such proceeding.

4. **No Admission of Wrongdoing.** Neither the execution of nor compliance with this Agreement by the Settling Defendants shall constitute or be construed as an admission by any Party that the Settling Defendants have violated any law, committed any tort, breached any

obligation or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that the Settling Defendants deny any liability or wrongdoing arising out of Plaintiff's employment.

**5.** **No Disputes Pending or Assigned**. Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against Settling Defendants. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein.

**6.** **Governing Law and Interpretation**. The Agreement shall be governed by and construed in accordance with the laws of the State of New York, excluding the conflict-of-laws principles thereof. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

**7.** **Severability**. Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

**8.** **Disputes; Damages**. In the event of a breach of this Agreement, the parties will be entitled to any and all remedies available at law. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as expressly set forth herein.

**9.** **Filing of Stipulation of Dismissal**. Upon the execution of this Settlement Agreement, counsel for both parties agree to execute a Stipulation of Dismissal with Prejudice, annexed hereto as Exhibit A. The Stipulation of Dismissal shall be held in escrow by Plaintiff's counsel, and filed with the court upon receipt of the Settlement Amount set forth in Paragraph 1 of this Agreement.

**10.** **Advice of Counsel**. Plaintiff and Settling Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Settling Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The Parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

**11.** **Voluntary Agreement**. The Parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

**12.** **Entire Agreement**. The Parties agree that this Agreement represents the complete understanding between the Parties and no other promises or agreements shall be binding unless in writing and signed by the Parties. This is an all-inclusive Agreement and the Parties agree that there are no other written, oral, and/or implied representations, promises, or agreements that exist between them.

**13. Modifications and Amendments**. The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Settling Defendants.

**13. Counterparts**. This Agreement may be executed with electronic signatures and in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

**14. Section Headings**. Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

**15. Acknowledgment of Full Understanding.** Plaintiff acknowledges and agrees that he has fully read, understands, and voluntarily enters into this Agreement. Plaintiff acknowledges and agrees that he has had an opportunity to ask questions and consult with an attorney before signing this Agreement. Plaintiff further acknowledges that his signature below is an agreement to release Settling Defendants from all claims that can be released as a matter of law.

**WHEREFORE**, the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

MANUEL PENA

Name: Manuel J Peña

Signature: Manuel J Peña

Date: 06/21/23

EMERALD EQUITY GROUP, LLC

Name: __________

Signature: [signature]

Date: __________



3565437.7

EEG FG LP

Name: ______________________

Signature: ______________________

Date: ______________________

EEG FC GP LP

Name: ______________________

Title: ______________________

Date: ______________________

ARCHROCK, LLC

Name: ______________________

Signature: ______________________

Date: ______________________

312 W 114 LLP

Name: ______________________

Signature: ______________________

Date: ______________________

320 MANHATTAN AVE LP

Name: ______________________

Signature: ______________________

Date: ______________________

EEG FG LP

Name: Sam Pollar

Signature: ________________

Date: 6/21/23

EEG FC GP LP

Name: Sandy Pollar

Title: ________________

Date: 6/21/23

ARCHROCK, LLC

Name: ________________

Signature: ________________

Date: ________________

312 W 114 LLP

Name: Sam Pollar

Signature: ________________

Date: 6/21/23

320 MANHATTAN AVE LP

Name: Sam Pollar

Signature: ________________

Date: 6/21/23

350 MANHATTAN AVENUE LP

Name: Sammy Polcar

Signature: ____________________

Date: 6/21/23

320 MANHATTAN AVE REALTY LLC

Name: Sammy Polcar

Signature: ____________________

Date: 6/21/23

THE CLEARSTONE GROUP, INC.

Name: ____________________

Signature: ____________________

Date: ____________________

DocuSign Envelope ID: 968A7FAB-6FEF-41F1-843E-DB8B5D0A2838

350 MANHATTAN AVENUE LP

Name: ______________________

Signature: ______________________

Date: ______________________

320 MANHATTAN AVE REALTY LLC

Name: ______________________

Signature: ______________________

Date: ______________________

THE CLEARSTONE GROUP, INC.

Name: Daniel Kirzner

Signature: DocuSigned by: Daniel Kirzner EBC9322E05694E4

Date: 6/22/2023

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MANUEL PENA,

Plaintiff,

-against -

EMERALD EQUITY GROUP, LLC, EEG FC LP, EEG FC GP LLP, ARCHROCK, LLC, 312 W 114 LP, 320 MANHATTAN AVE LP, 350 MANHATTAN AVE LP, 320 MANHATTAN AVE REALTY LLC, DAILY MAINTENANCE, LLC, and THE CLEARSTONE GROUP, INC.,

Defendants.

---------------------------------------------------------------------X

**21-CV-07843 (PGG) (SN)**

**ORDER OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel of record for Plaintiff and Settling Defendants that any and all claims asserted by Plaintiff in the above-entitled action are hereby discontinued and dismissed, with prejudice, as against Settling Defendants, without costs or attorneys' fees to any party as against another, except as specified in the parties' settlement agreement.

Dated: June___, 2023
New York, NY

________________________
Shelly L. Friedland, Esq.
Trief & Olk
750 Third Avenue, Suite 2902
New York, NY 10017

*Attorneys for Plaintiff*

Dated: June ___, 2023
New York, NY

________________________
Stuart Weinberger, Esq.
Weinberger & Weinberger LLP
630 Third Avenue, 18th Floor
New York, NY 10017

*Attorneys for Emerald Equity Group, LLC EEG FC LP, EEG FC GP LP, Archrock, LLC*

Dated: June___, 2023
New York, NY

______________________________
Regina Faul, Esq.
Philips Nizer LLP
485 Lexington Avenue
New York, NY 10017

*Attorneys for EEG FC LP, EEG FC GP LLC,*
*312 W 114 LP, 320 Manhattan Ave LP,*
*350 Manhattan Avenue LP, and*
*The Clearstone Group, Inc.*

SO ORDERED:

______________________________
UNITED STATES MAGISTRATE JUDGE
SARAH NETBURN