TRIEF & OLK
ATTORNEYS AT LAW
750 THIRD AVENUE
SUITE 2902
NEW YORK, NEW YORK 10017

TELEPHONE: (212) 486-6060
EMAIL: FIRM@TRIEFANDOLK.COM

FACSIMILE: (212) 317-2946

NEW JERSEY OFFICE
9 KANSAS STREET
HACKENSACK, NEW JERSEY 07601
(201) 343-5770

June 22, 2023

**MEMO ENDORSED:**
The parties' settlement agreement is approved by the Court. The parties will submit by **July 10, 2023**, a fully executed stipulation of dismissal.

SO ORDERED.

Paul G. Gardephe
United States District Judge

Dated: July 5, 2023

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 100007

Re: *Pena v. Emerald Equity Group LLC, et al.*, 1:21-cv-07843-PGG-SN

**Motion for Approval of Settlement**

Dear Judge Netburn:

We represent Plaintiff in the above-captioned matter. Pursuant to the letter dated May 25, 2023 (ECF Nos. 96, 97), we write to seek approval of the settlement reached between Plaintiff Manuel Pena ("Plaintiff") and Defendants Emerald Equity Group LLC, EEG FC LP, EEG FC GP LLC, Archrock, LLC, 312 W 114 LP, 320 Manhattan Ave LP, 350 Manhattan Avenue LP, 320 Manhattan Ave Realty LLC, and The Clearstone Group, Inc. (collectively, "Settling Defendants"). This request is made jointly with counsel for Settling Defendants. Upon approval of the proposed settlement, the parties request that the Court grant an order dismissing the complaint with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

There remains one non-settling party, Defendant Daily Maintenance 1 LLC ("Daily Maintenance"). Daily Maintenance has not retained counsel despite Your Honor's February 24, 2023 directive to do so (ECF No. 86), and has not cooperated with the settlement discussions conducted by Plaintiff's counsel and counsel for the Settling Defendants. Accordingly, the claims against Daily Maintenance will remain, and Plaintiff will proceed with discovery against this Defendant.

Plaintiff was employed as a building superintendent in a number of residential buildings owned and/or operated by Settling Defendants and/or their predecessors-in-interest. Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") arising from Defendants' alleged failure to pay Plaintiff the hourly rate agreed upon (*i.e.,* "gap time" claims) and to pay the overtime premium required under law. Plaintiff also alleges that Defendants failed to provide the wage notices and wage statements as required by NYLL § 195(1), (3). Settling Defendants have at all times denied that any wages are owed to Plaintiff, and have asserted numerous defenses to the claims set forth in the Complaint.

The terms of the parties' settlement are set forth in the agreement (the "Agreement") attached as Exhibit 1, including a proposed Order of Dismissal With Prejudice.[1] Under the Agreement, Settling Defendants will pay a total of $75,000.00 to resolve Plaintiff's claims, including attorney's fees and costs. The funds will be divided as follows: (a) Plaintiff will receive $50,000 for unpaid wages; (b) pursuant to Plaintiff's retainer with counsel, Plaintiff owes counsel one-third of the total recovery ($25,000), plus reimbursable expenses of $1,787.15, which are deducted from the total Plaintiff is to receive from the Settling Defendants. Thus, Plaintiff will receive a total of $48,212.85, and Plaintiff's counsel will receive $26,787.15.

Pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), a case brought under the FLSA cannot be dismissed with prejudice without the court (or Department of Labor) assuring that the proposed settlement is fair and reasonable. "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The criteria outlined above are satisfied here.

Plaintiff will receive the full gap time and/or overtime back-pay to which he is entitled, despite the Settling Defendants' denial of liability. The amount of gap time back-pay owed was computed by calculating the total wages owed for week and then multiplying the weekly shortfall by the number of weeks worked. Similarly, the unpaid overtime was calculated based on Plaintiff's effective hourly rate, the number of unpaid overtime hours worked, and the number of weeks worked. The total gap-time and overtime back-pay for Plaintiff is $48,026.80 – just below the value of the payment he will receive pursuant to the Agreement. The maximum

[1] The agreement has been executed by Plaintiff and Settling Defendants EEG FC LP, EEG FC GP LLC, 312 W 114 LP, 320 Manhattan Ave LP, 350 Manhattan Avenue LP, 320 Manhattan Ave Realty LLC, and The Clearstone Group, Inc. Signatures from Settling Defendants Emerald Equity Group, LLC, and Archrock, LLC, are forthcoming. The parties will file a fully-executed agreement once those signatures have been obtained.

recovery, including liquidated damages and penalties for New York State laws governing the provision of written wage statements, is just under $115,000. Thus, the total recovery pursuant to the proposed settlement is 100% of the actual back-pay, and approximately 42% of the potential full recovery, including the statutory damages. Courts in this district have found that settlements in this range are fair and reasonable. *See¸ e.g.*, *Chowdhury v. Brioni America, Inc.*, 2017 WL 5953171, at *2 (S.D.N.Y. Nov. 29, 2017) (approving settlement of 40% of claimed damages); *Redwood v. Cassway Contracting Corp.*, 2017 WL 4764486, at *2 (S.D.N.Y. Oct. 18, 2017) (approving settlement of 29% of total alleged damages).

Attorney's fees for Plaintiffs' counsel were initially negotiated separately from the payments to Plaintiff, although ultimately the parties reached agreement on a total dollar figure to settle the case, with Plaintiff's counsel receiving one-third (1/3) of the settlement, plus reimbursement for costs and expenses, which is in accord with the terms of the retainer signed by Plaintiff. Plaintiff's counsel's actual lodestar attributable to the matter is approximately $73,000 (and accruing); thus, counsel will receive only one-third of the actual lodestar. *See Brown v. City of New York*, 2020 WL 6392779, at *4 (S.D.N.Y. Nov. 1, 2020) (noting that fees generally approved if less than lodestar); *Guan v. Long Island Business Institute, Inc*., 2020 WL 1289517, at *4 (E.D.N.Y. Mar. 18, 2020) (approving fees less than actual lodestar that are consistent with retainer). Accordingly, the requested fees are fair and reasonable and should be approved.

Further, the settlement was negotiated at arm's length by experienced counsel, based on the parties' assessments of the risk and expense of litigation. The case is settling after the exchange of written discovery (on behalf of Plaintiff and some of the Settling Defendants), enabling the parties to evaluate the merits of Plaintiff's claims and risk and benefits of continued litigation. Plaintiff would have had the burden of establishing without any documentary evidence that he worked the many hours alleged, which Defendants' witnesses presumably would have disputed. Additionally, any damages might have been reduced to account for the fact that Plaintiff was provided an apartment by his employer in one of the apartment buildings for which he was not required to pay rent. Meanwhile, Settling Defendants faced a risk of a substantially higher judgment were Plaintiff to prevail at trial. Thus, Plaintiff and Settling Defendants have avoided substantial risk by agreeing to the proposed settlement.

In sum, the parties submit that the proposed settlement is fair and reasonable under the criteria set forth in *Cheeks*. Accordingly, on behalf of Plaintiffs and Settling Defendants, we respectfully request approval of the Agreement and seek an order dismissing Plaintiff's claims with prejudice against the Settling Defendants.[2] (*See* Exhibit A to the settlement agreement.)

Respectfully submitted,

**PHILLIPS NIZER LLP**

*/s/ Regina Faul*
By: Regina Faul
*Attorneys for Settling Defendants*
*EEG FC LP, EEG FC GP LLC,*
*312 W 114 LP, 320 MANHATTAN AVE LP,*
*350 MANHATTAN AVENUE LP, and*
*THE CLEARSTONE GROUP, INC.*

**TRIEF & OLK**

*/s/ Shelly L. Friedland*
By: Shelly L. Friedland
*Attorneys for Plaintiff Manuel Pena*

**WEINBERGER & WEINBERGER LLP**

*/s/ Stuart Weinberger*
By: Stuart Weinberger
*Attorneys for Defendants Emerald Equity Group, LLC, and Archrock, LLC*

---

[2] As noted above, Plaintiff intends to continue pursing claims against Defendant Daily Maintenance.