TRIEF & OLK
ATTORNEYS AT LAW
750 THIRD AVENUE
SUITE 2902
NEW YORK, NEW YORK 10017

TELEPHONE: (212) 486-6060
EMAIL: FIRM@TRIEFANDOLK.COM

FACSIMILE: (212) 317-2946

NEW JERSEY OFFICE
9 KANSAS STREET
HACKENSACK, NEW JERSEY 07601
(201) 343-5770

August 16, 2023

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 100007

Re: *Pena v. Emerald Equity Group LLC, et al.*, 1:21-cv-07843-PGG-SN

**Motion for Approval of Settlement**

Dear Judge Gardephe:

We represent Plaintiff in the above-captioned matter. Pursuant to the Order dated August 7, 2023 (ECF No. 111), we write to seek approval of the settlement reached between Plaintiff Manuel Pena ("Plaintiff") and Defendant Daily Maintenance 1 LLC ("Daily Maintenance" or "Defendant"). This request is made jointly with counsel for Daily Maintenance. Upon approval of the proposed settlement, the parties request that the Court grant an order dismissing the complaint with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).[1]

Plaintiff was employed as a building superintendent in several residential buildings operated by Daily Maintenance (and owned by several of the First Settling Defendants ). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law

[1] Plaintiff previously settled his claims against the other Defendants, *i.e.*, Emerald Equity Group LLC, EEG FC LP, EEG FC GP LLC, Archrock, LLC, 312 W 114 LP, 320 Manhattan Ave LP, 350 Manhattan Avenue LP, 320 Manhattan Ave Realty LLC, and The Clearstone Group, Inc. (collectively the "First Settling Defendants").

("NYLL") arising from Defendant's alleged failure to pay Plaintiff the hourly rate agreed upon (*i.e.,* "gap time" claims) and to pay the overtime premium required under law. Plaintiff also alleges that Defendant failed to provide the wage notices and wage statements as required by NYLL § 195(1), (3). Defendant has at all times denied that any wages are owed to Plaintiff, and has asserted numerous defenses to the claims set forth in the Complaint.

The terms of the parties' settlement are set forth in the agreement (the "Agreement") attached as Exhibit 1, including a proposed Order of Dismissal With Prejudice. Under the Agreement, Defendant will pay a total of $10,000.00 to resolve Plaintiff's claims, including attorney's fees and costs. The funds will be divided as follows: (a) Plaintiff will receive $6,666.67 for unpaid wages; (b) pursuant to Plaintiff's retainer with counsel, Plaintiff owes counsel one-third of the total recovery (*i.e.*, $3,333.33).

Pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), a case brought under the FLSA cannot be dismissed with prejudice without the court (or Department of Labor) assuring that the proposed settlement is fair and reasonable. "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The criteria outlined above are satisfied here.

Plaintiff has already received from the First Settling Defendants the full gap time and/or overtime back-pay to which he was entitled, despite all Defendants' denial of liability. The amount of gap time back-pay owed was computed by calculating the total wages owed for week and then multiplying the weekly shortfall by the number of weeks worked. Similarly, the unpaid overtime was calculated based on Plaintiff's effective hourly rate, the number of unpaid overtime hours worked, and the number of weeks worked. The total gap-time and overtime back-pay for Plaintiff is $48,026.80 – just below the value of the payment he received pursuant to the settlement reached with the First Settling Defendants. The additional $10,000 he will receive from Daily Maintenance effectively provides Plaintiff the statutory damages to which he is entitled, which he had not received pursuant to the previous settlement. Plaintiff will receive a grand total of just over $58,000. The maximum recovery, including liquidated damages and penalties for New York State laws governing the provision of written wage statements, is approximately $115,000. Thus, Plaintiff's total recovery will be more than 100% of the actual back-pay, and approximately 42% of the potential full recovery, including the statutory damages. Courts in this district have found that settlements in this range are fair and reasonable. *See¸ e.g.*, *Chowdhury v. Brioni America, Inc.*, 2017 WL 5953171, at *2 (S.D.N.Y. Nov. 29, 2017) (approving settlement of 40% of claimed damages); *Redwood v. Cassway Contracting Corp.*, 2017 WL 4764486, at *2 (S.D.N.Y. Oct. 18, 2017) (approving settlement of 29% of total alleged damages).

Plaintiff's counsel will receive one-third (1/3) of the settlement, which is in accord with the terms of the retainer signed by Plaintiff. Between the settlement with the other Defendants and the settlement with Daily Maintenance, Plaintiff's counsel will have received a total of $28,333.33 in fees, approximately 35% of the actual lodestar attributable to this matter (totaling approximately $80,000 as of August 10, 2023) – a presumptively reasonable figure. *See Brown v. City of New York*, 2020 WL 6392779, at *4 (S.D.N.Y. Nov. 1, 2020) (noting that fees generally approved if less than lodestar); *Guan v. Long Island Business Institute, Inc.*, 2020 WL 1289517, at *4 (E.D.N.Y. Mar. 18, 2020) (approving fees less than actual lodestar that are consistent with retainer). Accordingly, the requested fee is fair and reasonable and should be approved.

Further, the settlement was negotiated at arm's length by experienced counsel, based on the parties' assessments of the risk and expense of litigation. In addition to the ordinary risks attendant with proving a minimum wage and overtime claim with little to no supporting documents and the likely contrary testimony from Defendant's witnesses, here, Plaintiff faced an added challenge here, due to the fact that Daily Maintenance is no longer an operating business. Its principal, Joseph Aizer, is now operating a similar property management company; however, Plaintiff would need to establish successor liability for Mr. Aizer's new company in order to recover from that new entity. Moreover, any damages might have been reduced to account for the fact that Plaintiff was provided an apartment by his employer in one of the apartment buildings for which he was not required to pay rent. Meanwhile, Defendant faced a risk of a substantially higher judgment were Plaintiff to prevail at trial. Thus, Plaintiff and Defendant have avoided substantial risk by agreeing to the proposed settlement.

In sum, the parties submit that the proposed settlement is fair and reasonable under the criteria set forth in *Cheeks*. Accordingly, on behalf of Plaintiffs and Defendant Daily Maintenance, we respectfully request approval of the Agreement and seek an order dismissing Plaintiff's claims with prejudice against the Defendant Daily Maintenance. (*See* Exhibit A to the settlement agreement.)

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT LLC**

*/s/ Nicholas A. Pasalides*
By: Nicholas A. Pasalides
10 Bank Street, Suite 700
White Plains, NY 10606
*Attorneys for Defendant Daily Maintenance 1 LLC*

**TRIEF & OLK**

*/s/ Shelly L. Friedland*
By: Shelly L. Friedland
*Attorneys for Plaintiff Manuel Pena*